UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**MARJORIE E. WOODS,**

        **Plaintiff,**

**v.**                                                Case No. 5:19-CV-0446-JKP

**TOM TORKELSON, et al.,**

        **Defendants.**

## MEMORANDUM OPINION AND ORDER

The Court has under consideration Defendants' Rule 12(b)(6) Motion for Partial Dismissal (ECF No. 8); a Motion for Mediation (ECF No. 10) filed by Plaintiff in response; and a Motion for Summary Judgment (ECF No. 13) filed by Plaintiff. Other than the motion for mediation, Plaintiff has filed no timely response to the motion to dismiss although the motion for summary judgment could be considered an untimely response to the motion. Defendants have filed responses to both motions of Plaintiff. No party has filed any formal reply brief, but the motion for summary judgment could be considered a reply brief in support of the mediation motion.

## I. BACKGROUND

On April 29, 2019, Plaintiff commenced this pro se civil action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq., and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, et seq., naming IDEA Public Schools (CEO Tom Torkelson) and IDEA Walzem Academy (Principal Ryane Burke) as defendants. *See* Compl. (ECF No. 4). Among other things, she attached a "Civil Cover Sheet" that identifies the defendants as: Ryane Burke Principal and Tom Torkelson CEO. *See* ECF No. 4-1. Plaintiff alleges discrimination based upon her race (African American) and age, as well as retaliation. Compl. at 2-3. With respect to explaining events of retaliation, she merely states "Annual Evaluation." *Id.* at 3. She

claims defendants failed to promote her, forced her to resign, and provided no annual evaluation for employment. *Id.*

Given the uncertain identification of the named defendants in this action, IDEA Public Schools; IDEA Walzem Academy; Tom Torkelson, CEO of IDEA Public Schools; and Ryane Burke, Principal of IDEA Walzem Academy jointly moved for partial dismissal on several grounds. They first argue that IDEA Public Schools employed Plaintiff and that IDEA Walzem Academy is not a legal entity subject to suit. Second, they argue that any claims against Torkelson and Burke in their individual capacities must be dismissed because Title VII does not provide for individual liability. Next, they argue that any claims against Torkelson and Burke in their official capacities must be dismissed because such claims are in effect claims against her employer – IDEA Public Schools – and are thus duplicative. Finally, they argue that Plaintiff has not alleged facts to state a plausible claim for retaliation.

Plaintiff responded to the motion to dismiss through her motion for mediation. She essentially requests that the Court deny the motion to dismiss because Defendants have no defense and she moves for mediation. She explains that Principal Burke forced her to resign in retaliation for her reporting a co-worker to child protective services ("CPS") for actions taken against a student. She concludes her motion with a plea for the Court to help her resolve her case and move on. She indicates that she is willing to settle the case for $1.5 million and an outstanding annual evaluation with new references. She just wants the case "to go away."

In her motion for summary judgment, which she purports to file pursuant to Fed. R. Civ. P. 12(b)(e), Plaintiff does little more than oppose dismissal and state her desire to mediate the case. She emphatically states that defendants have no defense and that she is entitled to relief under Rule8(a)(2). At no point does she invoke Fed. R. Civ. P. 56 or assert any summary judgment

2

standard. As relief requested by the motion, she merely states that she has stated a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6) and reiterates her desire to be compensated with or without mediation.

In response to the motion to mediate, Defendants oppose mediation at this early stage of the litigation. They also point out that a motion to dismiss is limited to matters set out in the pleadings, including attachments, and Plaintiff's complaint does not include the factual allegations regarding CPS. They argue that adding the allegations to her pleading does not cure the deficiency regarding her retaliation claim because it does not constitute the required "protected activity."

Defendants' response to the motion for summary judgment accurately recognizes that (1) the substance of the "motion" is more akin to a response to the motion to dismiss and a reply to the motion for mediation; (2) there is no Rule 12(b)(e) in the Federal Rules of Civil Procedure; and (3) Plaintiff likely mislabeled her filing as a summary judgment motion. In an abundance of caution, they also argue that the summary judgment motion is premature and lacks merit.

## II. PLAINTIFF'S MOTIONS

Both motions filed by Plaintiff are better construed as responsive to Defendants' motion to dismiss. And the Court will consider them in that respect. Nevertheless, to the extent Plaintiff intends them to be stand alone motions, the Court denies them. Plaintiff provides no basis to compel Defendants to engage in mediation, especially at this early stage of the litigation. Further, while she titles her second motion as one for summary judgment, it does not qualify as such a motion. Plaintiff does not invoke Fed. R. Civ. P. 56. Nor does she provide any evidence to consider or apply the standards for obtaining summary judgment. The substance of a filing, not its title, controls how courts approach a filing, especially for filings made by a pro se litigant. However, in an abundance of caution, the Court addresses the motion as one for summary judgment

3

and denies it without prejudice as premature. *See George v. Go Frac, LLC*, SA-15-CV-943-XR, 2016 WL 94146, at *3 (W.D. Tex. Jan. 7, 2016); *Griffin v. Am. Zurich Ins. Co.*, No. 14-CV-2470-P, 2015 WL 12748322, at *2 (N.D. Tex. Mar. 20, 2015).

### III. MOTION TO DISMISS

Turning to the motion for partial dismissal, Defendants have properly invoked Fed. R. Civ. P. 12(b)(6) to obtain a partial dismissal of claims with a clear absence of legal or factual basis. While Plaintiff strenuously states that Defendants have no defense and that her claims have merit, as stated below, Defendants have stated legitimate bases for obtaining a partial dismissal. Because Defendants seek only a partial dismissal, the merits of claims not addressed herein are not currently at issue.

Under Fed. R. Civ. P. 12(b)(6), litigants may move to dismiss asserted claims for "failure to state a claim for which relief can be granted." As required by Fed. R. Civ. P. 8(a)(2), every pleading that states a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Such requirement provides opposing parties "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

In general, a court addressing a motion under Rule 12(b)(6) "must limit itself to the contents of the pleadings, including attachments thereto." *Brand Coupon Network, L.L.C. v. Catalina Mktg. Corp.*, 748 F.3d 631, 635 (5th Cir. 2014) (citation omitted). Furthermore, when ruling on a motion to dismiss, courts "construe the complaint in the light most favorable to the plaintiff and draw all reasonable inferences in the plaintiff's favor." *Severance v. Patterson*, 566 F.3d 490, 501 (5th Cir. 2009).

"[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the alleged] facts is improbable, and 'that a recovery is very remote and unlikely.'"

*Twombly*, 550 U.S. at 556 (citation omitted). Nevertheless, plaintiffs must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555; *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasizing that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). Facts alleged by the plaintiff must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. To survive a Rule 12(b)(6) motion, the complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Iqbal*, 556 U.S. at 678 (citations omitted). As *Twombly* states, to avoid dismissal under Rule 12(b)(6), plaintiffs must allege facts that "nudge" an asserted claim "across the line from conceivable to plausible." 550 U.S. at 570. The focus is not on whether the plaintiff will ultimately prevail, but whether that party should be permitted to present evidence to support adequately asserted claims. *Id.* at 563 n.8.

Because this action proceeds under Title VII and the ADEA, an employee-employer relationship must exist to impose liability for discrimination. *See* 42 U.S.C. § 2000e-2(a)(1) (making it unlawful for employers to discriminate against individuals); 29 U.S.C. § 623(a) (same under ADEA). Courts interpret these statutes consistently given their similarities. *Brewer v. Lavoi Corp.*, No. 3:13-CV-4918-N, 2014 WL 4753186, at *3 (N.D. Tex. Sept. 24, 2014) (accepting recommendation of Mag. J.).

"Retaliation claims are nothing more than a protection against discrimination in that the employee against whom the employer has retaliated suffers discrimination based on the employ-

5

ee's exercise of a right to charge, testify, assist, or participate in a protected activity under the ADEA." *Holtzclaw v. DSC Commc'ns Corp.*, 255 F.3d 254, 260 (5th Cir. 2001) (citing 29 U.S.C. § 623(d)). Likewise, "Title VII prohibits an employer from retaliating against an employee for opposing any unlawful discrimination practice." *Assariathu v. Lone Star HMA LP*, No. 3:11-CV-99-O, 2012 WL 12897341, at *10 (N.D. Tex. Mar. 12, 2012) (citing 42 U.S.C. § 2000e-3; *Dick v. J.B. Hunt Transp., Inc.*, 772 F. Supp. 2d 806, 820 (N.D. Tex. 2011)), *aff'd sub nom. Assariathu v. Lone Star Health Mgmt. Assocs., L.P.*, 516 F. App'x 315 (5th Cir. 2013). Both Title VII and the ADEA also require an employer-employee relationship to impose liability for retaliation. *See* 29 U.S.C. § 623(d); 42 U.S.C. § 2000e-3.

## A. Individual Liability and Official Capacity

The Fifth Circuit has held that neither Title VII nor the ADEA provides for individual liability against other employees or supervisors. *See Smith v. Amedisys Inc.*, 298 F.3d 434, 448 (5th Cir. 2002) (discussing Title VII); *Stults v. Conoco, Inc.*, 76 F.3d 651, 655 (5th Cir. 1996) (ADEA); *Grant v. Lone Star Co.*, 21 F.3d 649, 651–53 (5th Cir. 1994) (Title VII). This prohibition holds true for discrimination and retaliation claims under both statutes. *Williams v. City of Richardson*, No. 3:16-CV-2944-L-BK, 2017 WL 4404461, at *3 (N.D. Tex. Sept. 8, 2017) (recommendation of Mag. J.) (both statutes) *adopted by* 2017 WL 4351535 (N.D. Tex. Sept. 30, 2017) (Title VII); *Williams v. N. Tex. Tollway Auth.*, No. 3:08-CV-1840-G, 2009 WL 2058522, at *2 (N.D. Tex. July 15, 2009) (adopting recommendation of Mag. J.) (Title VII); *United States v. Lason Sys./HOV*, No. EP-07-CA-0420-KC, 2008 WL 11333777, at *2 (W.D. Tex. Mar. 4, 2008).

Furthermore, "[a]n official capacity suit is redundant of any suit against the employer, and a plaintiff may not maintain a discrimination action against both the employer and supervi-

sor." *Brewer*, 2014 WL 4753186, at *3 (citing *Indest v. Freeman Decorating, Inc.*, 164 F.3d 258, 262 (5th Cir. 1999)). Such redundancy is similarly present in the retaliation context.

Accordingly, the Court grants the motion to dismiss to the extent it seeks dismissal of all claims asserted against the two individuals – whether asserted against them in their individual or official capacities. Plaintiff can state no plausible Title VII or ADEA claim against them.

**B. Improper Party**

Defendants also seek dismissal of claims against IDEA Walzem Academy because they contend that entity is not a proper party to this suit. In doing so, they cite *Arredondo v. Gulf Bend Ctr.*, No. CIV.A. H-06-1580, 2006 WL 3761786, at *1 (S.D. Tex. Dec. 20, 2006) as support for the proposition. To support their contention they also attach a public record which they state "show[s] that there is no entity named 'IDEA Walzem Academy' and that IDEA Public Schools is the non-profit corporation that operates the IDEA open-enrollment charter school system, of which IDEA Walzem Academy is only one of its campuses."

Although the Court may take judicial notice of matters of public record, *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007), it does not agree with Defendants' characterization of the document provided with its motion. This disagreement does not stem from whether the information is within the public record but rather the document simply does not show anything with respect to IDEA Walzem Academy. Nor does the document show that IDEA Public Schools operates the IDEA open-enrollment charter school system. While the document shows that IDEA Public Schools is an existing domestic nonprofit corporation, it does not support finding IDEA Walzem Academy to be an improper party to this action.

Furthermore, the Court does not find *Arredondo* necessarily dispositive of the issue. *Arredondo* held that a county department could not be sued as it had no separate legal existence.

7

*See* 2006 WL 3761786, at *1 (relying on *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313-14 (5th Cir. 1991)). In doing so, it applied settled law to the entity before it. Without question, *Darby* held that certain entities are not subject to suit. *See* 939 F.2d at 313-14. And while *Darby* dealt with whether a servient political subdivision of a municipality was a jural entity subject to suit, the court likened cities to corporations as to their ability "to designate whether one of its own subdivisions can be sued as an independent entity." *Id.* at 313. Nevertheless, *Darby* simply applied Fed. R. Civ. P. 17(b) to determine whether the entity before it possessed the capacity to sue or be sued and it recognized that, under Texas law, "unless the true political entity has taken explicit steps to grant the servient agency with jural authority, the agency cannot engage in any litigation except in concert with the government itself." *Id.* at 313.

Of course, Fed. R. Civ. P. 17(b) governs the capacity to sue or be sued in federal courts and for a corporation, such capacity is determined "by the law under which it was organized," whereas for subdivisions of municipalities, "the law of the state where the court is located" determines the issue. Although Defendants suggest that IDEA Walzem Academy is not subject to suit because it is either a corporate subdivision (based upon the provided public record) or a subservient political subdivision (based upon reliance on *Arredondo*) that has not been granted with authority to sue or be sued, it provides no definitive authority for the Court to make that finding through a ruling on the current motion to dismiss. It provides no case making such holding with respect to similar entities and the Court knows of none. Consequently, the Court denies the motion to dismiss as it pertains to IDEA Walzem Academy.

**C. Retaliation Claim**

Finally, Defendants seek to dismiss Plaintiff's retaliation claims for failure to state a claim upon which relief can be granted. They contend that her complaint lacks any allegation

that she ever participated in an activity protected under Title VII or the ADEA or opposed alleged discriminatory practices and if she did Plaintiff has not alleged facts to support a causal connection between such protected activity and any adverse action.

To state a claim of retaliation under either Title VII or the ADEA, plaintiffs must allege that they have engaged in an activity protected by the pertinent statute. *See Welsh v. Fort Bend Indep. Sch. Dist.*, ___ F.3d ___, ____, No. 19-20239, 2019 WL 5588992, at *6 (5th Cir. Oct. 30, 2019) (setting out required elements of a Title VII retaliation claim); *Holtzclaw v. DSC Commc'ns Corp.*, 255 F.3d 254, 259 (5th Cir. 2001) (setting out required elements of an ADEA retaliation claim). Whether pursuing claims under Title VII or the ADEA, Plaintiffs must also allege an adverse action and a causal connection between the protected activity and the adverse action. *Welsh*, 2019 WL 5588992, at *6 (Title VII); *Holtzclaw*, 255 F.3d 259 (ADEA).

Plaintiff's complaint indeed fails to provide enough factual allegations to state a plausible claim of retaliation under either Title VII or the ADEA. Attachments to her complaint show that she resigned effective June 2, 2018; filed a race and age charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on June 14, 2018; mentioned in a June 19, 2018 email that she claimed retaliation because she was not promoted; and filed a retaliation charge of discrimination to the EEOC on August 9, 2018, because Principal Burke would not complete an end-of-year evaluation upon request on or about July 9, 2018. Thus, while Plaintiff participated in protected activity after she resigned, she provides no factual allegations to support any causal connection between alleged adverse action – whether failure to promote or failure to provide annual review – and protected activity.

Furthermore, the Fifth Circuit has recently held that a "failure to respond to a request for a recommendation letter" does not qualify as an adverse employment action even under the less-

er standard for retaliation claims. *Welsh*, 2019 WL 5588992, at *7. By analogy, *Welsh* appears to support finding an alleged failure to complete an annual evaluation as not qualifying as an adverse employment action for purposes of a retaliation claim and the Court knows of no case that has made a contrary holding on facts similar to those of this case.

Because of these noted deficiencies in Plaintiff's factual allegations regarding her retaliation claim, the Court finds that she has not stated a plausible retaliation claim under the well-established standards for stating a claim set out in *Twombly* and *Iqbal*. In response to the motion to dismiss, Plaintiff states that she was retaliated against for reporting a co-worker to a law enforcement agency for abuse. However, even had she pled such activity in her complaint, such activity does not constitute protected activity for purposes of the ADEA or Title VII. *See Granderson v. JP Morgan Chase & Co.*, No. 3:13-CV-0536-B, 2015 WL 746643, at *18 (N.D. Tex. Feb. 23, 2015) (finding that "reporting the misconduct of another manager" does not constitute a protected activity); *Jusuf v. Sw. Airlines Co.*, No. 3:06-CV-1958-P, 2008 WL 11424214, at *5 (N.D. Tex. Mar. 26, 2008) ("A report of misconduct or unfair treatment does not equate to engaging in an activity protected under Title VII."), *aff'd*, No. 08-10383, 2008 WL 4948615 (5th Cir. Nov. 20, 2008). Accordingly, the Court grants the motion to dismiss as it relates to Plaintiff's claims of retaliation.

## IV. CONCLUSION

For the foregoing reasons the Court **GRANTS IN PART AND DENIES IN PART** Defendants' Rule 12(b)(6) Motion for Partial Dismissal (ECF No. 8); **DENIES** the Motion for Mediation (ECF No. 10); and **DENIES** the Motion for Summary Judgment (ECF No. 13). It grants the motion to dismiss to the extent Defendant seeks to dismiss all claims asserted against Ryane Burke and Tom Torkelson in either their individual or official capacities. Those defendants are hereby dismissed from this case. The Court also grants the motion to dismiss to the extent De-

fendant seeks to dismiss Plaintiff's retaliation claims against any defendant. Because there is no legal basis for a Title VII or ADEA claim against the two individuals and because it appears that Plaintiff has stated her best case for a retaliation claim, there is no reason to permit the filing of an amended complaint in an attempt to cure these deficiencies. Accordingly, the dismissal of the retaliation claims and all claims against the individuals is with prejudice. The Court otherwise denies the motion to dismiss.

SIGNED this 18th day of November, 2019.

*Jason Pulliam*
JASON PULLIAM
UNITED STATES DISTRICT JUDGE