UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

MARJORIE E. WOODS,

        **Plaintiff,**

v.                                       **Case No. SA:19-CV-0446-JKP**

TOM TORKELSON, et al.,

        **Defendants.**

## MEMORANDUM OPINION AND ORDER

The Court has under consideration *Defendants' Rule 56 Motion for Summary Judgment* (ECF No. 26) filed by the two remaining defendants. The Court previously dismissed claims against all defendants other than IDEA Public Schools and IDEA Walzem Academy. *See* ECF No. 18. That same day, it set a summary judgment briefing schedule and stated that the "deadlines for responses and replies are governed by W.D. Tex. Civ. R. 7(e) and (f)." *See* ECF No. 19. Although Defendants timely moved for summary judgment, Plaintiff has filed no response to their motion.

### I. BACKGROUND

On April 29, 2019, Plaintiff commenced this pro se civil action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq., and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, et seq. *See* Compl. (ECF No. 4). She alleges discrimination based upon her race (African American) and age, as well as retaliation. *Id*. at 2-3. Only the discrimination claims remain due to the Court's ruling on a prior motion to dismiss. *See* ECF No. 18. The remaining defendants now move for summary judgment on those claims.

### II. SUMMARY JUDGMENT STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine

dispute as to any material fact and the movant is entitled to judgment as a matter of law."[1] Fed. R. Civ. P. 56(a). "As to materiality, the substantive law will identify which facts are material" and facts are "material" only if they "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Disputes over material facts qualify as "genuine" within the meaning of Rule 56 when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* Given the required existence of a genuine dispute of material fact, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." *Id.* at 247-48. A claim lacks a genuine dispute for trial when "the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." *Scott v. Harris*, 550 U.S. 372, 380 (2007) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986)).

The "party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). When considering a motion for summary judgment, courts view all facts and reasonable inferences drawn from the record "in the light most favorable to the party opposing the motion." *Heinsohn v. Carabin & Shaw, P.C.*, 832 F.3d 224, 234 (5th Cir. 2016) (citation omitted). Once the movant has carried its summary judgment burden, the burden shifts to the non-movant to establish a genuine dispute of material fact. With this shifting burden, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586. "Unsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment." *Heinsohn*, 832 F.3d at 234 (citation omitted).

---

[1] The summary judgment standard "remains unchanged" despite 2010 amendments to Fed. R. Civ. P. 56 that replaced "issue" with "dispute." Fed. R. Civ. P. 56 advisory committee notes (2010 amend.). Although the standard remains the same, the Court utilizes the amended terminology even when relying on caselaw that predates the amendments.

Additionally, the courts have "no duty to search the record for material fact issues." *RSR Corp. v. Int'l Ins. Co.*, 612 F.3d 851, 857 (5th Cir. 2010); *accord Hernandez v. Yellow Transp., Inc.*, 670 F.3d 644, 651 (5th Cir. 2012).

It is well-established that courts do not grant a default summary judgment merely because the motion elicited no response. *See Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360, 362 n.3 (5th Cir. 1995) ("The movant has the burden of establishing the absence of a genuine issue of material fact and, unless he has done so, the court may not grant the motion, regardless of whether any response was filed."); *Gonzales v. Wells Fargo Bank, N.A.*, No. 19-CV-00278-DC, 2020 WL 7445973, at *2 (W.D. Tex. Nov. 23, 2020); *Simmons v. Vanguard Res. Inc.*, No. 5:19-CV-0848-JKP, 2020 WL 4738949, at *2 (W.D. Tex. Aug. 14, 2020). Indeed, Fed. R. Civ. P. 56(e) sets out various discretionary options that courts may utilize when any party "fails to properly addresses another party's assertion of fact as required by Rule 56(c)," including (2) considering "the fact undisputed for purposes of the motion" or (3) granting "summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it."

Defendants timely moved for summary judgment in accordance with the Court's briefing schedule. They supported their motion with deposition testimony and affidavit evidence. *See* ECF Nos. 27-1, 27-2, 27-3, 27-4, and 27-5. Plaintiff has filed no response to the motion despite an opportunity to do so. For purposes of the instant motion, the Court considers the facts presented by Defendants to be undisputed in accordance with Rule 56(e)(2) and considers whether Defendants are entitled to summary judgment as permitted by Rule 56(e)(3).

### III. ANALYSIS

It is unlawful under both Title VII and the ADEA for an employer to discriminate against an employee. *See* 42 U.S.C. § 2000e-2(a)(1); 29 U.S.C. § 623(a). Courts interpret these statutes

consistently given their similarities. *Brewer v. Lavoi Corp.*, No. 3:13-CV-4918-N, 2014 WL 4753186, at *3 (N.D. Tex. Sept. 24, 2014) (accepting recommendation of Mag. J.). Although Defendants argue that IDEA Walzem Academy is not a proper party to this lawsuit because it is not a legal entity, the Court has no need to address the argument because Plaintiff's claims fail for other reasons. Consequently, the Court proceeds as through both remaining defendants are proper defendants.

**A. Title VII – Race Discrimination**

Because Plaintiff's Title VII claim of race discrimination is based on circumstantial evidence, the *McDonnell Douglas*[2] burden-shifting framework applies. *See Stroy v. Gibson*, 896 F.3d 693, 698 (5th Cir. 2018). Under that framework, the plaintiff has an initial burden to

> make out a prima facie case for race discrimination, by showing that he "(1) is a member of a protected group; (2) was qualified for the position at issue; (3) was discharged or suffered some adverse employment action by the employer; and (4) was replaced by someone outside his protected group or was treated less favorably than other similarly situated employees outside the protected group."

*Id.* (quoting *McCoy v. City of Shreveport*, 492 F.3d 551, 556 (5th Cir. 2007)). Once "the plaintiff makes this showing, the burden then shifts to the employer to set forth some legitimate, non-discriminatory reason for its decision." *Id.*

In this case, Defendants concede the first element, assume that Plaintiff satisfies the second element, and challenges the other two elements. Under the uncontested facts, Plaintiff voluntarily resigned her employment and was not subject to an adverse employment action. *See Thompson v. City of Waco, Texas*, 764 F.3d 500, 503 (5th Cir. 2014) (recognizing "that adverse employment actions consist of 'ultimate employment decisions' such as hiring, firing, demoting, promoting, granting leave, and compensating"). Although a plaintiff may claim that a resignation is actionable

---

[2] *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).

as a constructive discharge, the "plaintiff establish that working conditions were so intolerable that a reasonable employee would feel compelled to resign." *Brown v. Kinney Shoe Corp.*, 237 F.3d 556, 566 (5th Cir. 2001) (quoting *Faruki v. Parsons*, 123 F.3d 315, 319 (5th Cir. 1997)). Plaintiff has made no such showing in this case. Plaintiff's failure to satisfy the third element is enough for the Court to grant Defendants' motion for summary judgment on the race discrimination claim.

Furthermore, because Defendants assigned another individual of the same race as Plaintiff to her position, she has not shown that she was replaced by someone outside her protected group. Nor has she shown that she was treated less favorably than other similarly situated employees outside the protected group. Although, at her deposition, she identified four employees that she viewed as apt comparators, each of them engaged in actions that sufficiently differed from the misconduct of Plaintiff to eliminate them as a similarly situated employee. Plaintiff's work history also differed from the identified comparators. Plaintiff's failure to satisfy the fourth element of the prima facie case is also enough to grant Defendants' motion.

Moreover, even if the Court were to find that Plaintiff had carried her burden to establish a prima facie case of race discrimination, Defendants have proffered a legitimate reason for its employment decision. The undisputed evidence is that Plaintiff was given the opportunity to resign after she admitted to using physical touch as a disciplinary technique for kindergarten students. Although she had been warned not to do so on multiple prior occasions, she admitted to "popping" a student and the resulting investigation revealed multiple reports that she used physical contact as a disciplinary consequence. Because Defendants have carried their burden, plaintiff has "the ultimate burden of proving that the employer's proffered reason is not true but instead is a pretext for the real discriminatory or retaliatory purpose." *McCoy*, 492 F.3d at 557. She has not carried that burden.

5

For these reasons, Defendants are entitled to summary judgment on Plaintiff's claim of race discrimination.

**B. ADEA – Age Discrimination**

Courts analyze age discrimination claims under the same *McDonnell Douglas* burden-shifting framework when the ADEA claim is based on circumstantial evidence. *Munoz v. Seton Healthcare, Inc.*, 557 F. App'x 314, 320 (5th Cir. 2014) (per curiam). For an ADEA claim, Plaintiff thus has the initial burden to establish a prima facie case by showing (1) protected class membership, (2) position qualification, (3) adverse employment action, and (4) replacement "by someone younger" or was "otherwise discharged because of [her] age." *Rachid v. Jack In The Box, Inc.*, 376 F.3d 305, 309 (5th Cir. 2004). Once the plaintiff "demonstrate[s] a prima facie case of discrimination; the defendant then must articulate a legitimate, non-discriminatory reason for its decision to terminate the plaintiff." *Id.* at 312. And, if the defendant carries that burden of production, the burden switches back to the plaintiff to show the proffered reason is not true but is instead a pretext for discrimination. *Id.*

Plaintiff's ADEA claim suffers the same deficiencies as her Title VII claim. She has not shown an adverse employment action because she resigned. She has neither shown that a younger person replaced her or that she was otherwise discharged because of her age. Because the age of her replacement is easily verifiable and because Defendants do not even argue that the replacement is younger, the Court has some hesitancy in relying too much on the fourth element. But even assuming Plaintiff has carried her burden to show a prima facie case, her ADEA claim fails because Defendants have proffered a legitimate, non-discriminatory reason for its actions and Plaintiff has not carried her burden to show that the reason is a pretext. For these reasons, Defendants are entitled to summary judgment on the ADEA claim.

**IV. CONCLUSION**

After reviewing the briefing and summary judgment evidence, Plaintiff's complaint, and the relevant law, the Court **GRANTS** *Defendants' Rule 56 Motion for Summary Judgment* (ECF No. 26). By separate document, the Court will enter Final Judgment for Defendants.

**SIGNED this 9th day of February 2021.**

**JASON PULLIAM**
**UNITED STATES DISTRICT JUDGE**